UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| GREGORY C. LITTLE | CIVIL ACTION NO. 6:21-cv-00881 |
| VERSUS | JUDGE JUNEAU |
| CATALYST HANDLING RESOURCES, LLC, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Pending before this Court are two related motions, defendant Catalyst Handling Resources, LLC's motion to dismiss (Rec. Doc. 5) and the plaintiff's motion to remand (Rec. Doc. 11). The motions are opposed. The motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion to remand should be granted, and this matter should be remanded to state court, leaving the motion to dismiss to be resolved in that forum.

## Background

This lawsuit originated in the 27th Judicial District Court, St. Landry Parish, Louisiana, and was removed by defendant Alon Refining Krotz Springs, Inc. (improperly referred to in the plaintiff's petition as Delek Logistics Operating, LLC) with the alleged consent of defendant Catalyst Handing Resources, LLC.

In his petition, the plaintiff, Gregory C. Little, alleged that he was injured on December 11, 2019, while in the course and scope of his employment with Catalyst at Alon's facility, when an Alon employee turned the nitrogen on at 100% flow speed and caused a toxic cloud of carcinogenic catalyst dust to escape from the flow bin. Mr. Little alleged that his exposure to this allegedly toxic cloud caused him to develop a malignant lymphatic tumor of the spleen. He alleged that both Catalyst and Alon were negligent in causing his damages and he further alleged that he is seeking to recover workers' compensation benefits from Catalyst.

In support of its motion to dismiss, Catalyst argued that the plaintiff's claims against it should be dismissed. In support of his motion to remand, the plaintiff argued that this case should be remanded to state court. The basis for both motions is the same: the plaintiff's claim against Catalyst is a claim for workers' compensation benefits based on allegations of negligence.

## Law and Analysis

### A. *Pro Se* Status

The plaintiff is proceeding in this lawsuit without the assistance of legal counsel. A *pro se* litigant's pleadings are construed liberally[1] and held to "less

---

[1] *Mendoza-Tarango v. Flores*, 982 F.3d 395, 399 (5th Cir. 2020); *Nerren v. Livingston Police Dept.*, 86 F.3d 469, 472 (5th Cir. 1996).

stringent standards than formal pleadings drafted by lawyers."[2]  However, a *pro se* plaintiff must abide by the rules that govern federal courts.[3]

Mr. Little filed a document that he styled "memorandum in opposition of notice of removal motion in support of 28 U.S. Code § 1445(C)."[4]  In this document, Mr. Little argued that his suit is not removable because it contains a claim against Catalyst for workers' compensation benefits.  This Court interprets Mr. Little's filing as a motion for remand.

### B.     The Motion to Remand

The plaintiff argued that there are two procedural defects preventing the removal of this case:  a lack of consent to the removal by Catalyst and a statutory prohibition against the removal of workers' compensation claims.

#### 1.     Catalyst's Alleged Consent to Removal

All defendants who have been properly joined and served must consent to the removal of an action.[5]  In its removal notice, Alon alleged that Catalyst had

---

[2]     *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

[3]     *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (citing *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed. App'x 419, 421 (5th Cir. 2013)).

[4]     Rec. Doc. 11.

[5]     *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990) (citing 28 U.S.C. § 1446(b)).

consented to the removal,[6] but Alon did not file a written consent by Catalyst to the removal. The plaintiff objected to Alon's representation of Catalyst's consent on the basis of the source of the alleged consent and because no writing verifying Catalyst's consent was filed in the record.[7] A party's failure to consent to removal is a procedural defect rather than a jurisdictional defect.[8]

All previously served defendants must either join in a removal petition or file a timely written indication of their consent to removal.[9] Statements by the removing defendant that other defendants have consented are insufficient.[10] If a defendant's written consent is lacking when the thirty-day removal period elapses, the removal notice is deemed defective, and the case must be remanded.[11] Catalyst stated, in its opposition brief, that it consented to removal.[12] But this confirmation of consent

---

[6] Rec. Doc. 1 at 4.

[7] Rec. Doc. 11 at 3.

[8] *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990).

[9] *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) (citing *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988)).

[10] *Louisiana v. Aspect Energy, LLC*, No. 2:11CV489, 2011 WL 5238666, *1 (W.D. La. Oct. 1, 2011) (citing *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d at 1262 n. 11, 1263).

[11] *Ledoux v. Cherokee Insurance Co.*, No. 18-cv-0083, 2018 WL 3351219, at *2 (W.D. La. May 29, 2018), report and recommendation adopted, 2018 WL 3351109 (W.D. La. July 6, 2018); *Wamsley v. Ditzler*, No. 2:13-CV-2924, 2014 WL 1030085, *2 (W.D. La. Mar. 17, 2014), reversed on other grounds, 2014 WL 1030085 (W.D. La. Mar. 17, 2014)). See, also, *Ortiz v. Young*, 431 Fed. App'x 306, 308 (5th Cir. 2011).

[12] Rec. Doc. 19 at 1.

was filed long after the thirty-day period for removing the case expired, since Catalyst was served on January 28, 2021[13] and Alon was served on March 2, 2021.[14]

In this case, there was no written indication of consent by Catalyst in the record when the thirty-day removal period elapsed. Therefore, the removal was procedurally defective. When the plaintiff challenged Alon on this point, however, Alon changed its story, contending in its opposition brief that it was not required to obtain Catalyst's consent to removal because Catalyst was improperly joined in the lawsuit.[15] Alon is correct that a removing party need not obtain the consent of a codefendant that the removing party contends is improperly joined.[16] However, this Court will not consider whether Catalyst was improperly joined as a party to the lawsuit since the case must be remanded on other grounds.

**2.    This Lawsuit is Not Removable**

Alon removed this action under 28 U.S.C. § 1441(a), which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the

---

[13]    Rec. Doc. 13-1 at 12.

[14]    Rec. Doc. 13-1 at 17.

[15]    Rec. Doc. 18 at 3-5.

[16]    Rico v. Flores, 481 F.3d 234, 239 (C.A.5 (Tex.),2007) (citing Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir.1993)

district court of the United States for the district and division embracing the place where such action is pending." The removing party – Alon in this case – bears the burden of showing that removal was proper.[17] The removal statutes should be strictly construed,[18] and any doubts regarding whether federal jurisdiction is proper should be resolved against federal court jurisdiction.[19]

In its removal notice, Alon alleged that the court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds the statutory minimum.[20] Alon established that the parties are diverse in citizenship since the plaintiff is a Louisiana citizen, Alon is a citizen of Delaware and Tennessee, and Catalyst is a Texas citizen.[21] Alon also argued that it is facially apparent that the amount in controversy exceeds $75,000 because of the nature of Mr. Little's alleged damages.[22]

---

[17] See *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]"); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("it is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists").

[18] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d at 723.

[19] *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

[20] Rec. Doc. 1 at 2.

[21] Rec. Doc. 1 at 2-3.

[22] Rec. Doc. 1 at 3.

However, removal of a case may be limited under certain circumstances even when the court has subject-matter jurisdiction, and a plaintiff challenging removal on the basis of a defect other than subject matter jurisdiction is required to do so within thirty days after the filing of the notice of removal.[23] In this case, Mr. Little did not argue that Alon's removal is substantively defective. In other words, he did not argue that the court lacks subject-matter jurisdiction over the case. Instead, Mr. Little argued that this lawsuit includes a nonremovable claim, which is an argument that the removal was procedurally defective.[24] Mr. Little filed his motion to remand less than thirty days after the case was removed. Therefore, his challenge to Alon's removal of the suit is timely.

The basis for Mr. Little's challenge is found in 28 U.S.C. § 1445(c), which states that "[a] civil action in any State court arising under the workmen's compensation law of such State may not be removed to any district court of the United States."[25] The Fifth Circuit reads Section 1445(c) broadly[26] and has

---

[23] 28 U.S.C. § 1447(c).

[24] *Ernewayn v. Home Depot U.S.A., Inc.*, 727 F.3d 369, 371 (5th Cir. 2013) (citing *Meeks v. Swift Transp., Inc.*, 398 Fed. App'x 980, 982 (5th Cir. 2010) (per curiam)). See, also, *Williams v. AC Spark Plugs Div. of General Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993).

[25] 28 U.S.C. § 1445(c).

[26] *Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991).

expressed a strong conviction that workers' compensation cases do not belong in federal court.[27]

Mr. Little clearly alleged in his petition that he was employed by Catalyst at the time of the incident in which he claims to have been injured.[28] He also clearly asserted a claim for workers' compensation benefits, stating that "Plaintiff is entitled to worker's compensation from [Catalyst]."[29] Accordingly, this Court finds that Mr. Little asserted a claim arising under Louisiana's workers' compensation statutes. This Court further finds that the inclusion of this claim in Mr. Little's petition requires that the entire case must be remanded to state court. Whether he is actually entitled to recover the benefits he seeks is beside the point.

The relevant statute – 28 U.S.C. § 1445(c) – states that a "civil action" arising under a state workers' compensation law may not be removed.[30] The statute's clear wording – particularly its use of the term "civil action" and its express prohibition against the removal of a "civil action" arising under state workers' compensation laws – is important because a "'civil action' is the entire case, not merely an

---

[27] See *Trevino v. Ramos*, 197 F.3d 777, 781-82 (5th Cir. 1999), cert. denied, 531 U.S. 1036 (2000).

[28] Rec. Doc. 1-1 at 3.

[29] Rec. Doc. 1-1 at 6.

[30] 28 U.S.C. § 1445(c).

8

individual claim."[31]  "[B]ecause the general removal statute applies to a case as a whole, a case containing a non-removable claim cannot be removed unless Congress provided some other mechanism for removing such a case."[32]

One such mechanism is found in 28 U.S.C. §1441(c), which permits the severance of a separate and independent federal claim from one or more otherwise nonremovable claims and also permits the remand of just the nonremovable claims. But Section 1441(c) is not applicable to this case, which is grounded upon diversity jurisdiction, and no "other mechanism" has been identified.  Under Section 1441(c), "[s]everance and remand of the nonremovable claim is appropriate only when the district court's jurisdiction is based on a federal question; there is no such provision when the court's jurisdiction is based on diversity."[33]  Thus, when the removing defendant bases federal court jurisdiction on a federal question, it might be possible for a nonremovable claim to be severed from the plaintiff's other claims and remanded.  But there is no statutory authority permitting severance and remand of a

---

[31]   See, e.g., *Baker v. United Parcel Service, Inc.*, No. 4:21-cv-00116-P, 2021 WL 1515459, at *2 (N.D. Tex. Apr. 16, 2021); *Eckert v. Administrators of the Tulane Educational Fund*, No. 15-5546, 2016 WL 158919, at *9 (E.D. La. Jan. 14, 2016); *Carey v. Bank of Am., N.A.*, 904 F. Supp. 2d 617, 620 (N.D. Tex. 2012); *Escobedo v. Time Warner Entertainment Advance Newhouse Partnership*, 811 F.Supp.2d 1289, 1292 (W.D. Tex. 2011).

[32]   *Villegas v. Albertsons, LLC*, No. EP-13-CV-014-DB, 2013 WL 12344621, at *2 (W.D. Tex. May 13, 2013).

[33]   *Baker v. United Parcel Service, Inc.*, No. 4:21-cv-00116-P, 2021 WL 1515459, at *2 (N.D. Tex. Apr. 16, 2021) (quoting *Carey v. Bank of America, N.A.*, 804 F.Supp.2d at 620 (citing 28 U.S.C. § 1441(c)).

nonremovable claim when the court's jurisdiction is based on diversity, as it is in this case. Furthermore, the Fifth Circuit has expressly held that the removal of a state workers' compensation claim is prohibited "regardless of whether jurisdiction is based on diversity or federal question."[34]

Alon argued, in its opposition brief, that this Court should resolve Catalyst's pending motion to dismiss first, find that Mr. Little cannot assert a tort claim against Catalyst because Catalyst is his employer, dismiss Mr. Little's claim against Catalyst, and allow this action to proceed against Alon. But because this case was not removable at the outset, Alon's argument lacks merit. Because Mr. Little asserted a nonremovable claim for workers' compensation benefits against Catalyst, his employer, the entirety of this civil action must be remanded to state court.

**B.    The Motion to Dismiss**

Catalyst filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Louisiana's workers' compensation laws provide the exclusive remedy for his alleged injuries and consistently preclude his negligence claim against it. Because this action was not removable, however, this Court recommends that ruling on the motion to dismiss should be deferred, and this action should be remanded to state court.

---

[34]    *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1118-19 (5th Cir. 1998).

## **Conclusion**

For the foregoing reasons,

IT IS RECOMMENDED that the plaintiff's motion to remand (Rec. Doc. 11) should be GRANTED, and this matter should be remanded to the 27th Judicial District Court, St. Landry Parish, Louisiana.

IT IS FURTHER RECOMMENDED that ruling on Catalyst Handling Resources, LLC's motion to dismiss (Rec. Doc. 5) should be deferred, leaving the issues raised by that motion to be resolved in state court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[35]

Signed at Lafayette, Louisiana, this 7th day of June 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[35] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).